UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEROME R. JOHNSON,

                          Plaintiff,

v.                                                      Case No. 1:13-CV-1072
                                                        (GTS/CFH)
JACOB J. LEW, Secretary, Department of
Treasury, Internal Revenue Service; SHARON
FLOYD, Director, Diversity, Equal Employment
Opportunity Commission; AMY ALBEE,
Supervisor, Walk-in Unit, Internal Revenue
Service; JEAN CAIN, Territory Manager, Walk-in
Unit, Internal Revenue Service; and ANITA HILL,
Area Director, Walk-in Unit, Internal Revenue
Service,

                          Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

JEROME R. JOHNSON
  Plaintiff, *Pro Se*
28 First Street
Albany, NY 12210

HON. RICHARD S. HARTUNIAN                        KAREN FOLSTER LESPERANCE, ESQ.
United States Attorney for the N.D.N.Y.          Assistant United States Attorney
  Counsel for Defendants
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207-2924

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this employment discrimination action filed *pro se* by

Jerome R. Johnson ("Plaintiff") against Jacob J. Lew, Sharon Floyd, Amy Albee, Jean Cain and

Anita Hill  ("Defendants"), is Defendants' motion to dismiss for failure to state a claim upon

which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint alleges that, while he worked as an Individual Taxpayer Advisory Specialist ("ITAS") with the Internal Revenue Service's ("IRS") Wage & Investment ("W&I") Field Assistance Office in Albany, New York, Defendants discriminated against him based on his race (African-American), gender (male) and age (69 years) when, on or about May 6, 2010, "management" refused to take any actions to "implement [his] suggestion . . . [that the IRS and its New York W&I Field Assistance Bureau] provide [the] short-term and long-term recruitment of low-income and minority students" in accordance with "established [IRS] and Bureau diversity policy."  (*See generally* Dkt. No. 1 [Plf.'s Compl.]; Dkt. No. 15 [Plf.'s Opp'n Memo. of Law].)[1]

Plaintiff's Complaint further alleges that Defendants similarly discriminated against him, and/or retaliated against him for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"), when, on September 29, 2010, September 30, 2010, and October 4, 2010, "management" denied his requests for "Leave [W]ithout Pay ("LWOP"), charged him with being Absent Without Leave ("AWOL") and then docked his pay.  (*Id.*)

---

[1]     The Court notes that a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint, to the extent those papers are consistent with the allegations in the complaint. *See, infra,* Part II of this Decision and Order (setting forth legal standard governing motions to dismiss for failure to state a claim).

Based on these factual allegations, Plaintiff's Complaint asserts the following claims against Defendant: (1) a claim of race discrimination in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; (2) a claim of gender discrimination in violation of 42 U.S.C. § 1983 and Title VII; (3) a claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; and (4) a claim of retaliation in violation of 42 U.S.C. § 1983 and the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16. (*Id.*)

Familiarity with these claims and the factual allegations supporting them in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.

### B. Parties' Briefing on Defendants' Motion

Generally, in support of their motion to dismiss, Defendants assert six arguments: (1) to the extent that Plaintiff asserts claims under 42 U.S.C. § 1983, those claims fail because they do not allege facts plausibly suggesting that any acts were taken under color of state law; (2) even if Plaintiff's Section 1983 claims were liberally construed as *Bivens* claims, they would fail because the sole and exclusive remedy for a claim of federal employment discrimination is Title VII and the ADEA; (3) to the extent that Plaintiff asserts claims under Title VII and the ADEA, those claims fail because Title VII claims and ADEA claims would not lie against the individually named defendants, other than against Secretary Lew in his official capacity; (4) in the alternative, Plaintiff's claims under Title VII and the ADEA, including his claims against Secretary Lew in his official capacity, fail because they do not allege facts plausibly suggesting that (a) Plaintiff was subjected to a materially adverse employment action, (b) such action was

taken *because of* his membership in a protected class, and (c) any of the acts complained of were taken by the individual defendants; (5) moreover, to the extent that Plaintiff intended to assert any individual-capacity claims against any named Defendants, such claims must be dismissed for lack of personal jurisdiction, because they have not been personally served under Fed. R. Civ. P. 4(i)(2)(B); and (6) finally, Plaintiff's retaliation claim under 42 U.S.C. § 1983 and the Equal Employment Opportunity Act must be dismissed because the claim fails to allege facts plausibly suggesting that he was engaged in protected activity, that any adverse action he experienced was causally connected to that protected activity, or that Defendants were personally involved in any such retaliation.  (Dkt. No. 12, Attach. 1 [Defs.' Memo. of Law].)

Generally, in response to Defendants' motion, Plaintiff asserts four arguments: (1) with regard to Defendants' first and second arguments (i.e., that Plaintiff's claims do not allege state action, and that claims of federal employment discrimination do not arise under *Bivens*), rather than being asserted under 42 U.S.C. § 1983 or *Bivens*, Plaintiff's claims are asserted under Title VII, the ADEA and the Equal Employment Opportunity Act; (2) with regard to Defendants' third argument (i.e., that Title VII claims and ADEA claims do not lie against the individually named defendants), "special discrimination cases against federal employees and agencies may be pursued under Title VII," as stated in Section VI of the Civil Cover Sheet that was filed with Plaintiff's Complaint; (3) with regard to Defendants' fourth argument (i.e., that the Complaint fails allege facts plausibly suggesting the elements of the claims asserted, or even personal involvement by the supervisory Defendants), "Plaintiff has stated a valid complaint of racial discrimination by citing Defendants['] action against '. . . minority students', in the Facts section of the initial complaint"; and (4) with regard to Defendants' fifth argument (i.e., that Plaintiff

never personally served Defendants), "Defendant accepted jurisdiction of [the] compliant in its 'Acknowledgment and Order to the parties on April 28, 2011' from the New York District Office of the Equal Employment Opportunity Commission," as evidenced by the receipts attached to Plaintiff's opposition memorandum of law. (Dkt. No. 15 [Plf.'s Opp'n Memo. of Law].)

## II.    GOVERNING LEGAL STANDARD

It has long been understood that a defendant may base a motion to dismiss for failure to state a claim upon which relief can be granted on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such motions are often based on the first ground, a few words on that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ.

5

P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a

pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.[2]

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

---

[2]        It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak*, 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[3] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[4] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28.

Having said that, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint, to the extent those papers are consistent with the allegations in the complaint. *See*

---

[3]     *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[4]     *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

*Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n.1 (2d Cir. 1998) (per curiam); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

Finally, when a district court dismisses a *pro se* action, the plaintiff will generally be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").

## III. ANALYSIS

### A. Plaintiff's Claim of Race Discrimination in Violation of 42 U.S.C. § 1983 and Title VII

After carefully considering the matter, the Court dismisses the portion of this claim that is asserted under 42 U.S.C. § 1983 and/or *Bivens* for the reasons stated by Defendants in their memorandum of law. *See, supra,* Part I.B. of this Decision and Order. To those reasons, the Court would add only two points.

First, in his opposition memorandum of law, Plaintiff does not dispute, and indeed appears to have conceded, Defendants' arguments that the Complaint does not allege facts plausibly suggesting that any acts were taken under color of state law, and that the sole and exclusive remedy for a claim of federal employment discrimination is Title VII and the ADEA. *Id.* The Court finds that, under the circumstances, Plaintiff had due notice of his duty to oppose such legal arguments if he wished them to be considered by the Court as challenged.[5] As a result, the Court finds that Plaintiff's failure to oppose those legal arguments was willful for purposes of Fed. R. Civ. P. 83(a)(2). In this District, when a non-movant willfully fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest"

---

[5]     (*See* Dkt. No. 4, at 2 [indicating that Plaintiff was mailed a courtesy copy of [1] the District's Local Rules of Practice, Local Rule 7.2[b][3] of which informed Plaintiff of the consequences of failing to oppose a motion, and [2] the *Pro Se* Handbook, page 27 of which reminded Plaintiff of his "need to make legal arguments" in opposition to those contained in a motion to dismiss "so the case will go forward"].)

burden.[6]  Here, the Court finds that Defendants have, at the very least, met this lightened burden with regard to these arguments.

Second, it appears to the Court that granting Plaintiff leave to amend his Section 1983 and/or *Bivens* race-discrimination claim is unlikely to be productive for two reasons: (a) the defects in that claim appear substantive rather than merely formal in nature; and (b) Plaintiff was notified of these defects by Defendants' memorandum of law yet failed to address them in his opposition memorandum of law.  As a result, Plaintiff's Section 1983 and/or *Bivens* race-discrimination claim is dismissed with prejudice and without prior leave to amend.

Turning to the portion of this claim that is asserted under Title VII, after carefully considering the matter, the Court dismisses that portion for the reasons stated by Defendants in their memorandum of law.  *See, supra,* Part I.B. of this Decision and Order.  To those reasons, the Court would add only three points.

First, it appears to the Court that granting Plaintiff leave to amend the portion of his Title VII race-discrimination claim that is asserted against the individually named defendants is unlikely to be productive for two reasons: (a) the defects in that portion of the claim appear substantive rather than merely formal in nature; and (b) Plaintiff was notified of these defects by Defendants' memorandum of law yet failed to address them in his opposition memorandum of law.  As a result, that portion of Plaintiff's Title VII race-discrimination claim asserted against the individually named defendants (other than against Defendant Lew in his official capacity) is dismissed with prejudice and without prior leave to amend.

---

[6]      *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

Second, while it appears doubtful that Plaintiff would, in an Amended Complaint, be able to allege facts plausibly suggesting the elements of a Title VII race-discrimination claim against Defendant Lew in his official capacity, the Court is mindful of Plaintiff's special status as a *pro se* civil rights litigant, and the fact that he has not yet actually filed an Amended Complaint.  <u>As a result, Plaintiff shall have thirty days in which to correct, through amendment, the pleading defects in that portion of his Title VII race-discrimination claim asserted against Defendant Lew in his official capacity before that portion of the claim is dismissed with prejudice.</u>  <u>Plaintiff is advised that, if he submits an Amended Complaint, the Amended Complaint must be a complete pleading that will replace and supersede the original Complaint in its entirety.</u>  <u>Plaintiff is further advised that, in any such Amended Complaint, he may not re-assert any claims that have been dismissed with prejudice by this Decision and Order</u>.

Third, because Defendants did not file a reply memorandum of law, they never responded to Plaintiff's argument that he successfully served the individual Defendants.  In addition to this problem is the issue of whether Defendants' lack-of-personal-service argument, which does not belong in a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), is being asserted under Fed. R. Civ. P. 12(b)(2), 12(b)(4) or 12(b)(5).  However, the Court construes Defendants' lack-of-personal-service argument to be directed solely at Plaintiff's individual-capacity claims against them; and thus the argument appears to be mooted by the Court's above-stated dismissal of those claims.  Defendants are advised that, if the Court is mistaken, they may re-raise the issue of service on a future motion to dismiss.

**B.** **Plaintiff's Claim of Gender Discrimination in Violation of 42 U.S.C. § 1983 and Title VII**

After carefully considering the matter, the Court renders the same findings and conclusions with regard to this claim as it does with regard to Plaintiff's claim of race discrimination under 42 U.S.C. § 1983 and Title VII. *See, supra,* Part III.A. of this Decision and Order. <u>As a result, the entirety of this claim is dismissed with prejudice and without leave to amend *except* that portion the claim asserted against Defendant Lew in his official capacity, the pleading defects of which Plaintiff shall have thirty days to correct through amendment before it is dismissed with prejudice.</u>

**C.** **Plaintiff's Claim of Age Discrimination in Violation of the ADEA**

After carefully considering the matter, the Court renders the same findings and conclusions with regard to this claim as it does with regard to Plaintiff's claims of race discrimination and gender discrimination under 42 U.S.C. § 1983 and Title VII. *See, supra,* Parts III.A. and III.B. of this Decision and Order. To those reasons, the Court would add only one point.

In his opposition memorandum of law, Plaintiff does not respond to Defendants' argument that Plaintiff's ADEA claims do not lie against the individually named Defendants, other than against Secretary Lew in his official capacity. *See, supra,* Part I.B. of this Decision and Order. Moreover, the Court finds that Defendants have, at the very least, met their lightened burden with regard to this argument.

<u>For all these reasons, the entirety of this claim is dismissed with prejudice and without leave to amend *except* that portion the claim asserted against Defendant Lew in his official capacity, the pleading defects of which Plaintiff shall have thirty days to correct through amendment before it is dismissed with prejudice.</u>

**D.      Plaintiff's Claim of Retaliation in Violation of 42 U.S.C. § 1983 and the Equal Employment Opportunity Act**

After carefully considering the matter, the Court agrees with Defendants that, as currently pled, Plaintiff's retaliation claim is insufficient under Fed. R. Civ. P. 12(b)(6), for the reasons stated in their memorandum of law.  *See, supra,* Part I.B. of this Decision and Order.  Moreover, it appears doubtful that Plaintiff would, in an Amended Complaint, be able to allege facts plausibly suggesting the elements of a retaliation claim against Defendants, as well as the personal involvement of Defendants in any such retaliation.  However, again, the Court is mindful of Plaintiff's special status as a *pro se* civil rights litigant, and the fact that he has not yet actually filed an Amended Complaint.  <u>As a result, Plaintiff shall have thirty days in which to correct, through amendment, the pleading defects in his retaliation claim before that claim is dismissed with prejudice.</u>

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 12) is **<u>GRANTED</u> in part** and **<u>DENIED</u> in part**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u> with prejudice and without prior leave to amend EXCEPT** the following claims in that Complaint:

(1) Plaintiff's Title VII race-discrimination claim against Defendant Lew in his official capacity;

(2) Plaintiff's Title VII gender-discrimination claim against Defendant Lew in his official capacity;

(3) Plaintiff's ADEA age-discrimination claim against Defendant Lew in his official capacity; and

(4) Plaintiff's retaliation claim against all Defendants; and it is further

**ORDERED** that, within **THIRTY (30) DAYS** from the filing date of this Decision and Order, Plaintiff must file an **AMENDED COMPLAINT** that corrects the pleading defects in the above-listed claims, or those claims shall be **DISMISSED with prejudice** and **without further Order of this Court**; and it is further

**ORDERED** that this case is referred back to Magistrate Judge Hummel for a Rule 16 conference and to schedule pretrial deadlines.

Dated: July 23, 2015
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge